*Attorney for Plaintiff*
**John Prather, Esq.**
**5864 N. 83rd Street**
**Scottsdale, Arizona 85250**
**(P) (480) 296-1507**
**(E) johnprather1@cox.net**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF ARIZONA

| | |
|---|---|
| BRANDON H. CORBETT, individual, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>MEDICAL SOCIETY BUSINESS SERVICES INC.<br><br>        Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT |

Plaintiff, Brandon H. Corbett ("Plaintiff"), on behalf of himself and all others similarly situated, alleges against the Defendant Medical Society Business Services, Inc. (hereinafter "Defendant"), as follows:

## **INTRODUCTION**

1. Plaintiff brings this action against Defendant for engaging in illegal practices in connection with the collection of a debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURSIDICTION AND VENUE

2. Plaintiff brings this action under the FDCPA, a federal statute, thereby invoking jurisdiction pursuant to 28 U.S.C. §§1331.

3. Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district and/or because the Defendant is subject to personal jurisdiction in this district.

## PARTIES

4. Plaintiff is a consumer.

5. Defendant is a corporation doing business in Arizona with its principal place of business located at 326 East Coronado Road Phoenix, Arizona 85004.

6. Defendant is a "debt collector" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. On or about June 2013, Plaintiff incurred a medical debt.

8. The debt owed was $188.18.

9. Medical debt has long been considered debt for personal, family, and household use.

10. In pursuit of said debt, Defendant sent Plaintiff some collection letters.

11. Once Plaintiff reviewed the collection letter, Plaintiff reached out to Defendant to make payment.

12.     Plaintiff paid the bill by credit card on or about September 2016.

13.     However, while charging Plaintiff's card, Defendant charged Plaintiff an additional service fee of $4.95. Exhibit A.

14.     Service fees are incidental to the principal obligation.

15.     Seeking to collect an incidental service fee in connection with the collection of a debt where underlying state law does not provide for such a fee, or where the underlying contract does not expressly permit such fees, is a violation of the FDCPA.

16.     Upon information and belief, neither Arizona law nor the contract between Plaintiff and the original creditor expressly authorized a $4.95 service charge as Defendant charged here.

17.     Credit card service fees typically vary depending on the size of the transaction and the credit card processor. Typically, a credit card service fee structure has a minimum fee per transaction (usually less than 50 cents), in addition to a percentage of the transaction (usually less than 1 percent).

18.     Upon information and belief, Defendant's set $4.95 rate applies to every transaction, and is not specifically tailored to the amount of Plaintiff's debt.

19.     Considering that credit card service fees sought are a percentage of the debt, and the debt here is in the amount of $188.18, the consistent $4.95 fee likely does not reflect the true processing or service cost.

20.     Upon information and belief, Defendant keeps the excess amounts remaining from the $4.95 after a lesser amount is used for a service fee.

21. Alternatively, upon information and belief, Defendant receives a portion of the excess amount as a kickback from the processor for providing the processor with extra revenue.

22. By falsely implying that Defendant is legally allowed to seek a $4.95 processing or service fee, and by collecting an illegal service fee, Defendant's collection efforts violate the FDCPA.

23. After Plaintiff made his payment, Defendant emailed him a receipt. The email constituted a communication in connection with the collection of the debt. However, nowhere within the email did Defendant inform Plaintiff that it is a debt collector, as the FDCPA requires. Accordingly, said email violates the FDCPA.

24. Notwithstanding the above, Defendant's collection letters also violated the FDCPA. Exhibit B. In its April 9, 2016 letter to Plaintiff, Defendant merely informed Plaintiff of the amount of the debt. The letter never provided any information to Plaintiff stating that in the event Plaintiff chose to pay via a credit card, he would be incurring an additional fee. By failing to provide this crucial information to Plaintiff, Plaintiff was misled into believing that he had no option but to pay the additional fee. Thus, Defendant's letters also violate the FDCPA.

25. In the alternative, in the event any payment option used by Plaintiff would result in a $4.95 service fee, than Defendant failed to properly state the amount of the debt.

## CLASS ACTION ALLEGATIONS

### The Class

26. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

27. Plaintiff seeks certification of the following classes, initially defined as follows:

> **Service Fee Class: All consumers within the United States that have made payment to Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to filing of this complaint wherein Defendant charged the consumer an impermissible service fee.**

> **Fee Omission Class: All consumers within the United States that have received collection letters from Defendant, concerning debts used primarily for personal, household, or family purposes within one year prior to filing of this complaint which fail to inform the consumer of the different payment options and the subsequent fees incurred for specific payment options.**

28. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

29. Upon information and belief, the members of each class range in the hundreds; the members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

31. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) Whether Defendant violated the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief; and, (v) Whether Defendant's conduct was willful.

### Typicality

32. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

33. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel will associate with experienced class action attorneys and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

## **Proceeding Via Class Action is Superior and Advisable**

34. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

35. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

36. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

37. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

38. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

39. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

# COUNT I
# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
# 15 U.S.C. §1692 *et seq*

40. Plaintiff repeats, realleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

41. Defendant's illegal conduct has violated the following sections of the FDCPA:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)  The false representation of--**

**(A)  the character, amount, or legal status of any debt;**

**(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;**

**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;**

**§ 1692f. Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

WHEREFORE, Plaintiff, Brandon Corbett, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendants actions, as described above, in violation of the FDCPA;

b. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

c. Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

d. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

e. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 3rd day of February, 2017.

                                                  Respectfully Submitted,

                                                  <u>/s/ John Prather</u>
                                                  *Attorney for Plaintiff*
                                                  John Prather, Esq.
                                                  5864 N. 83rd Street
                                                  Scottsdale, AZ 85250
                                                  (480) 296-1507
                                                  johnprather1@cox.net